# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-410


WOODROW W. COLTON, JR.

VERSUS

BOISE CASCADE CORPORATION


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT NO. 3
PARISH OF CALCASIEU, NO. 17-07611
JONATHAN W. BROWN, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**Woodrow W. Colton, Jr.**

**Phillip E. Foco**
**Bienvenu, Bonnecaze, Foco, & Viator LLC**
**4210 Bluebonnet Boulevard**
**Baton Rouge, LA 70809**
**(225) 388-5600**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Boise Cascade Corporation**
**Packaging Corporation of America**

**Max Malvin**
**Malvin Law, LLC**
**201 St. Charles Ave, Suite 2500**
**New Orleans, LA 70170**
**(504) 383-0895**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Boise Cascade Corporation**
**Packaging Corporation of America**

**SAVOIE, Judge.**

Packaging Corporation of Amercia (PCA) appeals a workers' compensation judge's (WCJ's) judgment rendered in favor of Plaintiff, Woodrow Colton, awarding him supplemental earnings benefits ("SEBs") for occupational noise-induced hearing loss resulting from his employment at a paper mill owned by PCA and its predecessors, as well as penalties and attorney fees. Mr. Colton answers the appeal and seeks an additional award of costs and attorney fees incurred on appeal.

For the following reasons, we affirm the judgment in favor of Mr. Colton and award an additional $5,000.00 in attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Colton began working for Boise Cascade Corporation (Boise Cascade), which is a predecessor of PCA, at a paper mill in 1972. He was twenty years old at the time. After working for forty one years as a paper maker and operator on the paper machines, he retired from his job in August 2013. At the time of his retirement, Mr. Colton had an annual wage of $104,862.00, which was equivalent to an average weekly wage of $2,016.58 per week. After leaving the paper mill, Mr. Colton completely retired from the workforce for reasons unrelated to hearing loss.

On November 28, 2017, Mr. Colton filed a workers' compensation claim against Boise Cascade, seeking benefits related to hearing loss resulting from his employment at the paper mill. PCA has stipulated that it is liable for any and all workers' compensation obligations that may be owed to Mr. Colton by its predecessors, including Boise Cascade. On October 23, 2018, Mr. Colton was evaluated by his treating physician, Dr. Brad LeBert. Dr. LeBert opined that Mr. Colton had occupationally related noise-induced hearing loss as a result of his work

at the paper mill, and he restricted Mr. Colton's work to within National Institute for Occupational Safety and Health ("NIOSH") compliant environments.

Following Mr. LeBert's recommendations, Mr. Colton made a formal demand on October 23, 2018, seeking medical benefits, audiograms, hearing aids, vocational rehabilitation, and SEBs. Dr. LeBert also submitted a Form 1010 Request for Authorization for treatment on May 22, 2019. These demands were either ignored or denied. Further, the parties stipulated that PCA did nothing to reasonably controvert Mr. Colton's claim until, at the earliest, November 20, 2019, when it received a second medical opinion.

A combined trial on the merits of Mr. Colton's claims, along with the nearly identical claims asserted against PCA by former employees Marlon Hyatt and Clarence Bos, was held on June 24, 2021.[1] Following trial, the WCJ found that Mr. Colton proved by preponderance of the evidence that he has suffered from occupationally related noise-induced hearing loss, he was given a work restriction by Dr. LeBert, and he was unable to earn ninety percent or more of his pre-injury wage.[2]

A judgment was rendered in favor of Mr. Colton for medical and indemnity benefits, including SEBs in the amount of $64,376.00. This is the equivalent of 104 weeks, beginning October 23, 2018, at a maximum weekly compensation rate of $619.00. The WCJ also concluded that PCA was arbitrary and capricious in failing to authorize Mr. Colton's requests for various medical treatments, SEBs, and

---

[1] PCA's appeal of the similar ruling rendered in favor of Mr. Hyatt bears docket number 22-411, and its appeal of the of the similar ruling rendered in favor of Mr. Bos bears docket number 22-412. These cases were consolidated with the instant case in this court for purposes of oral argument.

[2] The WCJ's written reasons for ruling are set forth in *Bos v. Packaging Corporation of America*, 22-412 (La.App. 3 Cir. _/_/23), __ So.3d __.

2

vocational rehabilitation services, and it awarded Mr. Colton $8,000.00 in penalties and $15,000.00 in attorney fees. The judgment further recognized that PCA was entitled to a "credit/offset in the amount of $30,000.00."

PCA appeals and asserts the following as assignments of error:

1. The Workers' Compensation hearing officer erred in awarding SEBs to Colton, as he withdrew from the workforce for reasons unrelated to his hearing loss prior to the date that [sic] Dr. Le[B]ert's NIOSH recommendation.

2. The Workers' Compensation hearing officer erred in awarding SEBs to Colton based on Dr. Le[B]ert's recommendation that Colton follow NIOSH noise exposure guidelines if he returned to work, as that recommendation is generally applicable and not causally related to Colton's hearing loss.

3. The Workers' Compensation hearing officer erred in finding that Colton was incapable of performing the job of an "A Operator" at the PCA paper mill between October 23, 2018 and October 23, 2020 as a result of Dr. Le[B]ert's NIOSH recommendation.

4. The Workers' Compensation hearing officer erred in awarding penalties in the amount of $8,000 and attorneys' fees in the amount of $15,000 to Colton.

Mr. Colton answers the appeal and seeks additional attorney fees and costs incurred in connection with work done on appeal.

## ANALYSIS

The assignments of error and legal arguments made herein are identical to PCA's arguments made in connection with its appeals of the judgments rendered in favor of Mr. Bos and Mr. Hyatt, as well as in *Smith v. Packaging Corporation of America*, 22-171 (La.App. 3 Cir. 11/30/22), __ So.3d __. For the reasons set forth by this court in both *Bos v. Packaging Corporation of America*, 22-412 (La.App 3 Cir. __/__/23), __ So.3d __, and *Smith*, __ So.3d __, we likewise affirm the judgment of the WCJ with respect to Mr. Colton. We further award Mr. Colton with an additional $5,000.00 in attorney fees incurred in connection with this appeal.

3

## DECREE

For the reasons set forth above, we affirm the judgment of the workers' compensation judge. In addition, attorney fees in the amount of $5,000.00 are awarded in favor of claimant, Woodrow Colton, and against Packaging Corporation of America, for attorney fees incurred on appeal. All costs of this proceeding are assessed to appellant, Packaging Corporation of America.

**AFFIRMED.**